UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BERMAN, | ) | CASE NO. 1:26-cv-0739 |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| JUDGE JOAN SYNENBERG, *et al.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff John Berman seeks relief from the dismissal of this action without prejudice for failing to pay the civil filing fee or, alternatively, to properly and timely submit his application to proceed *in forma pauperis*. (*See* Doc. 8.) For the reasons stated below, Plaintiff's Motion to Alter or Amend Judgment is DENIED.

## I. BACKGROUND

Plaintiff filed this action on March 27, 2026, alleging numerous judges and the Cuyahoga County Clerk of Courts committed civil rights and federal law violations. (Doc. 1.) That same day, Plaintiff requested permission to proceed *in forma pauperis*, but he did not use the correct form.[1] (Doc. 2.)

On April 28, 2026, Magistrate Judge James E. Grimes rejected Plaintiff's use of the outdated form and ordered Plaintiff to "either pay the full fee of $405.00 or to complete and submit the accompanying AO 239 (long form) Application to Proceed *In Forma Pauperis* within 15 days of the date of this Order," by May 13, 2026. (Doc. 3.) Plaintiff was also warned that

[1] The short form Plaintiff submitted was dated December 5, 2025.

"failure to comply with this Order may result in dismissal without further notice." (*Id.*)

Plaintiff did not comply. Instead, on June 11, 2026, he submitted the correct form, but much of it was left blank. (Doc. 4.) Rather than dismiss the action as warned in the prior Order, on June 22, 2026, the Court afforded Plaintiff another opportunity to either pay the full filing fee or "sincerely complete and file the attached AO 239 (long form) Application to Proceed *In Forma Pauperis* within fourteen (14) days of the date of this Order." (Doc. 5.) And again, he was warned this matter could be dismissed for failure to comply. (*Id.*)

Plaintiff did not comply. On July 20, 2026, the matter was dismissed without prejudice, and a corresponding certification that an appeal from the Court's decision could not be taken in good faith was issued. (Docs. 6, 7.) As was done each time before, a copy was mailed to Plaintiff's stated address in Galt, California. (*See* 4/28/2026 mailing entry; 6/22/2026 mailing entry; 7/20/2026 mailing entry.)

On August 17, 2026, Plaintiff filed the instant motion. (Doc. 8.) As grounds for relief, he explained his use of an associate's address to receive mail. (*Id.* at 54.)[2] The associate "receives [Plaintiff's] mail, and photographs items and sends the images to Plaintiff." (*Id.*) As stated by Plaintiff, he was under considerable pressure and was also receiving a large volume of mail in or around June and July 2026. (*Id.*) To the best of his knowledge, he did not see the June 22 Order. (*Id.*) He claims he did not see the July 20 Order. (*Id.*) Plaintiff avers he only learned of these orders when he "reviewed the docket on PACER Monitor on or before August 10, 2026. . . ." (*Id.*)

Relying on Rules 59(e), 60(b)(1), and 60(b)(6) of the Federal Rules of Civil Procedure, Plaintiff now seeks to have the dismissal order vacated, reinstatement of his action, a fourth

---

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

opportunity to submit an application to proceed *in forma pauperis*, and vacatur of the Court's certification that an appeal could not be taken in good faith. (*See* Doc. 8.)

## II. LAW AND ANALYSIS

### A. Rule 59 Relief

Motions to alter or amend judgments are "entrusted to the Court's sound discretion." *Keweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (citing *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). A court may grant a motion under Rule 59(e) "only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Plaintiff does not address any of these grounds for relief, and his motion does not suggest that any could apply here. Even so, giving the filing its most liberal construction, Rule 59(e) relief is inapplicable for two reasons. First, Plaintiff chose not to receive mail directly thereby delaying his receipt of it. (Doc. 8 at 54.) Second, he acknowledges using PACER Monitor to stay apprised of case developments. (*Id.*) At bottom, Plaintiff was notified three different times of the need to properly fill out the correct form as well as the consequences for failing to do so. Not only did he fail to comply, but he failed to diligently access PACER Monitor.

### B. Rule 60 Relief

Rule 60(b) enumerates several grounds for granting relief from judgment. Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing that such relief is warranted. *West v. United States*, 187 F.4th 441, 454 (6th Cir. 2026) (citation omitted). Plaintiff moves pursuant to Rule 60(b)(1) and Rule 60(b)(6).

**1. Rule 60(b)(1)**

Under this Rule, Plaintiff must demonstrate "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff urges excusable neglect. Whether to grant such relief hinges on the Court's assessment of the following factors: (a) the movant's own "culpability—that is, whether the neglect was excusable"; (b) prejudice to the non-moving party; and (c) "whether the party seeking relief has a meritorious claim or defense." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012). The moving party must "first demonstrate a lack of culpability before the court examines the remaining two factors." *Id*. at 628-29.

Whether neglect is "excusable" requires an assessment of equitable considerations like "(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for delay, and (5) whether the movant acted in good faith." *Jinks v. AlliedSignal, Inc*., 250 F.3d 381, 386 (6th Cir. 2001) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 388, 395, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993)). A lack of diligence, however, is fatal to any claim of mistake or excusable neglect. *B&D Partners v. Pastis*, No. 05-59954, 2006 WL 1307480, 2006 U.S. App. LEXIS 11901, at *9 (6th Cir. 2022); *Massiah v. Tenn. State Univ.*, No. 21-cv-66, 2022 WL 16722341, 2022 U.S. Dist. LEXIS 201304, at *13-15 (M.D. Tenn. Nov. 4, 2022).

Drawing on these factors, Plaintiff has not demonstrated excusable neglect. First, he had an affirmative duty to monitor the docket and offered no valid reason for failing to comply with Court orders or the deadlines stated therein. *Yeschick*, 675 F.3d at 629-30. Not only is online monitoring easily done—even by *pro se* plaintiffs—but Plaintiff acknowledges using PACER Monitor. Second, he created the obstacle that interfered with his receipt of Court mailings. Plaintiff's own submission demonstrates his lack of diligence.

**2. Rule 60(b)(6)**

This is a catchall provision, limited to those situations where "'Rules 60(b)(1) through (b)(5) are inapplicable.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211, 145 S. Ct. 1612, 221 L. Ed. 2d 850 (2025) (quoting *Kemp v. United States*, 596 U.S. 528, 533, 142 S. Ct. 1856, 213 L. Ed. 2d 90 (2022)). Even then, this provision only applies in exceptional or extraordinary circumstances. *Penny v. United States*, 870 F.3d 459, 461 (6th Cir. 2017) (citation omitted); *McCurry ex. rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2003) (citation omitted). Because Plaintiff's arguments for relief sound in excusable neglect, which is included in Rule 60(b)(1), relief pursuant to Rule 60(b)(6) is unavailable. But even if it was applicable, Plaintiff has not offered exceptional or extraordinary circumstances warranting relief.

## III. CONCLUSION

For the reasons stated herein, Plaintiff John Berman's pro se Motion to Alter or Amend Judgment is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: November 4, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE